UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

Holzhauer Ford Cherokee, Inc.,

Debtor

_____

Nicole Hughes, Chapter 7 Trustee,
    Plaintiff

vs.

The Farmers State Bank,
    Defendant

Chapter 7

Bankruptcy No. 24-00814

Adversary No. 25-09132

## OPINION AND ORDER ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court for a telephonic hearing on May 15, 2026 on Chapter 7 Trustee Nicole Hughes' ("Trustee") Motion for Summary Judgment (Doc. 8). Attorney Emily Dean appeared for Trustee. Attorney Jessica A. Board appeared for Farmers State Bank ("Defendant"). The Court heard argument and took the matter under advisement on May 15, 2026. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND/STATEMENT OF THE CASE

Trustee filed this adversary proceeding against Defendant on October 13, 2025, seeking to avoid and recover a fraudulent transfer under Iowa Code §§ 684.4, 685.5 and 11 U.S.C. §§ 542, 544, 550, and 551. Trustee later filed a Motion for

Summary Judgment on April 1, 2026, asserting that no genuine dispute of material fact exists and that she is entitled to judgment as a matter of law. Defendant resists the motion and argues, among other things, that genuine issues of material fact remain regarding Debtor's insolvency.

After a thorough review of the record and the parties' arguments, the Court concludes that a genuine issue of material fact remains regarding insolvency. Accordingly, the Motion for Summary Judgment is denied.

## II. STATEMENT OF FACTS

While there is a factual dispute about the critical issue of insolvency, there are many undisputed facts in this adversary proceeding. Debtor was an Iowa corporation with Dan Winchell as its Chief Executive Officer. On March 11, 2009, Daniel and Barbara Winchell acquired 1200 S. 2nd Street, Cherokee, IA, 51012 (the "Property").

Defendant is a state bank located in Marcus, Iowa. It is incorporated in Iowa, with its principal place of business and headquarters in Marcus, Iowa. On August 2, 2018, Defendant loaned $750,000 (the "Loan") to Daniel and Barbara Winchell. Holzhauer Motors, LTD guaranteed the Loan, which was secured by a mortgage on the Property.

On August 23, 2024, Holzhauer Ford Cherokee, Inc. ("Debtor") filed a Chapter 11 Bankruptcy petition. The case was converted to Chapter 7 on September 25, 2024. Nicole Hughes was appointed as Chapter 7 Trustee.

On March 3, 2021, Dan and Barbara Winchell deeded the Property to Schumann Equipment. Cook Law Firm issued a $507,983.99 check to the Defendant that same day. On March 8, 2021, Defendant released their mortgage on the Property.

Debtor transferred $210,389.22 to the Defendant on March 25, 2021, to pay off the remaining Loan balance of $209,645.25. The Debtor was not obligated on the Loan. Trustee filed this adversary proceeding on to recover the transfer.

On May 29, 2025, Defendant provided Trustee with information and documentation related to the transfer.

### III.   CONCLUSIONS OF LAW/DISCUSSION

### A. Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. For summary judgment to be granted, there must be no genuine dispute of material fact, and the movant must be entitled to judgment as a matter of law. Id. The movant bears the burden of showing there is no genuine dispute of material fact. Id. A 'material fact' is one that could affect the outcome of the case. Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contr., LLC, 76 F.4th 753, 757 (8th Cir. 2023) (quoting Liebe v. Norton, 157 F.3d 547, 578 (8th Cir. 1998)). Once the movant has supported its motion, the non-moving party must show that there are genuine issues of material fact that remain and not

merely questions of law. <u>Rhodes v. Fulton Thermal Corp.</u>, 178 F.4th 444, 447 (8th Cir. 2026).

### B.  <u>Genuine Issues of Material Fact Remain Regarding Insolvency</u>

Trustee seeks to avoid the transfer under Iowa Code sections 684.4 and 684.5. Section 684.5 permits avoidance of a transfer when the debtor did not receive reasonably equivalent value and was insolvent at the time of the transfer or as a result of the transfer. Iowa Code § 684.5. A debtor is insolvent when "the sum of the debtor's debts is greater than the sum of the debtor's assets." <u>Id.</u> § 684.2. Insolvency is a question of fact. <u>Jones Truck Lines, Inc. v. Full Serv. Leasing Corp.</u>, 83 F.3d 253, 258 (8th Cir. 1996). The Trustee bears the burden of showing the debtor's insolvency. <u>In re Walterman Implement Inc.</u>, No. 05-07284, 2007 Bankr. LEXIS 3323, at *4 (Bankr. N.D. Iowa Oct. 5, 2007); <u>In re Craig</u>, 144 F.3d 587, 590 (8th Cir. 1998).

The Court concludes that Trustee has not established the absence of a genuine issue of material fact regarding insolvency. The record does not contain any evidence demonstrating that Debtor's liabilities exceeded its assets at the time of the transfer or as a result of the transfer. Because insolvency is an essential element of a claim under Iowa Code section 684.5, Trustee cannot establish entitlement to judgment as a matter of law. In addition, Defendant expressly disputes Trustee's assertion of insolvency. Resolving that dispute would require the Court to evaluate evidence regarding Debtor's financial condition and determine whether Debtor's liabilities

4

exceeded its assets at the relevant time. Those determinations are factual in nature and cannot be resolved on the present record.

Accordingly, the Court finds that a genuine issue of material fact remains regarding insolvency. Summary judgment is therefore inappropriate.

## IV.   CONCLUSION/ORDER

For the foregoing reasons, Trustee Nicole Hughes' Motion for Summary Judgment (Doc. 8) is DENIED.


Ordered:   July 13, 2026

_____
Thad J. Collins
Chief Bankruptcy Judge

5